UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL MCCOY,

    Plaintiff,

vs.   Case No. 3:25-cv-1136-MMH-LLL

CITY OF JACKSONVILLE,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand (Or, Alternatively, for Abstention and Remand/Stay) and For Leave to Amend (Doc. 5; Motion), filed on September 30, 2025. In the Motion, Plaintiff Michael McCoy asserts that his Verified Complaint (Doc. 3) "asserts only state-law causes of action and raises no federal question" such that this matter should be remanded to state court. See Motion at 2. However, "to the extent Federal issues are implicated," McCoy argues that the Court "should decline jurisdiction under well-established abstention principles and allow state law claims to be resolved in state court." Id. Alternatively, McCoy requests leave to amend the Complaint "to remove references to Federal law." Id.

On October 14, 2025, Defendant City of Jacksonville (the City) filed a response to the Motion.  See Defendant City of Jacksonville's Response to Plaintiff's Motion to Remand (Or, Alternatively, Abstention and Remand/Stay) and for Leave to Amend (Doc. 12; Response).  In the Response, the City contends that McCoy raises federal questions on the face of his Complaint such that his request for remand should be denied.  Id. at 2.  As to McCoy's abstention arguments, the City contends that while abstention is appropriate, these principles warrant a stay of this action pending resolution of related state court proceedings, not remand.  Id. at 2, 6.  Significantly, however, as to his alternative request for leave to amend, the City acknowledges that "if McCoy's intent was to only raise state-based claims in his Complaint, it is within the Court's discretion to grant him leave to amend."  See id. at 2.  Indeed, the City "does not object to McCoy's request to amend his Complaint."  Id. at 6.

Considering the foregoing, and given the procedural posture of this case, the Court finds the appropriate course is to grant McCoy's request for leave to amend so that he may clarify the claims raised in his Complaint.  See Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires.").  As such, the Court will grant the Motion, in part, to the extent McCoy requests leave to amend, and otherwise deny the Motion without prejudice.  Upon filing an amended complaint, and after conferring with

2

opposing counsel, McCoy may file a renewed motion to remand, if appropriate. Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Or, Alternatively, for Abstention and Remand/Stay) and For Leave to Amend (Doc. 5) is **GRANTED, in part, and DENIED without prejudice, in part**.

   A. The Motion is **GRANTED** to the extent Plaintiff seeks leave to amend.

   B. In all other respects, the Motion is **DENIED without prejudice**.

2. Plaintiff shall have up to and including **November 5, 2025**, to file an amended complaint.

3. Plaintiff shall have up to and including **November 19, 2025**, to file a renewed motion to remand, if appropriate, after conferring with opposing counsel.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of October, 2025.

MARCIA MORALES HOWARD
United States District Judge

3

lc11
Copies to:

Counsel of Record
Pro Se Parties

4